UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES A. SWENSON, JR., | ) | CIV. 12-4182-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION TO DISMISS |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, James A. Swenson, Jr., appeals the decision of the Administrative Law Judge (ALJ) denying his claim for benefits under the Social Security and Supplemental Security Income Program. The Commissioner moves to dismiss Swenson's complaint for failure to state a claim upon which relief can be granted. Swenson resists the motion. For the following reasons, the motion is denied.

**FACTS**

Swenson's appeal arises out of medical records that were generated after October 12, 2010, the date on which the ALJ denied Swenson benefits. Swenson claims these new medical records show he is entitled to benefits.

The first medical record was generated on March 28, 2012, by Swenson's primary treating physician, Dr. Michael L. Lastine. Dr. Lastine diagnosed Swenson with cervical disc disease, cervical radiculopathy, bipolar II, panic disorder, and alcohol dependancy. The medical record states that Swenson's

diagnoses are permanent conditions and that Swenson will not be able to perform any employment in the foreseeable future. Docket 1-1.

The second set of medical records are from Southwestern Mental Health Center. These records are assessments from various treatment sessions Swenson attended between June 22, 2011, and May 21, 2012, and detail Swenson's "severe" psychological, physical, interpersonal, occupational/educational, and daily life impairments. Docket 1-2.

Swenson claims this new medical information was not considered by the ALJ and was not available when the ALJ's decision was entered. Furthermore, Swenson contends this new medical information shows he is entitled to benefits.

## LEGAL STANDARD

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court assumes that all facts in the complaint are true and construes reasonable inferences from those facts in the light most favorable to the nonmoving party to determine whether the allegations in the complaint show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). The complaint must "include sufficient factual information to provide the 'grounds' on which the claim rests[.]" *Id.* To decide the motion to dismiss, the court may consider the complaint, exhibits attached to the complaint, some materials that are part of the public record, and materials embraced by the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The complaint must contain "enough facts to state a claim

to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

The Commissioner argues Swenson's appeal should be dismissed because it arises from evidence that is not part of the administrative record.[1] Under 42 U.S.C. § 405(g), a district court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

The Commissioner first argues Swenson cannot plausibly show good cause for failing to incorporate the new evidence into the record during the hearing before the ALJ. The Eighth Circuit Court of Appeals has held that "good cause is established where the condition and associated records did not exist at the time of the hearing." *Mouser v. Astrue*, 545 F.3d 634, 637 (8th Cir. 2008). "Good cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing a sufficient explanation." *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008). Because the Commissioner brought its motion under the guise of Rule 12(b)(6), the court may only consider the complaint and exhibits attached to the complaint. *Porous Media Corp.*, 186 F.3d at 1079. Moreover, the court must

---

[1] The Commissioner has not filed the administrative record with the court.

construe all reasonable inferences in the light most favorable to the nonmoving party, Swenson. *Schaaf*, 517 F.3d at 549.

The Commissioner's argument suggests that Swenson was required to plead his reasons for good cause in his complaint. But the Commissioner cites no case law in support of her proposition nor has the court found any. A complaint must "include sufficient factual information to provide the 'grounds' on which the claim rests[.]" *Schaaf*, 517 F.3d at 549. In his complaint, Swenson articulated the grounds on which his claim rests: "This appeal is based upon medical records of the Claimant dated subsequent to the date of the previous denial." Docket 1 at 1. He then provides further factual details about his alleged disability and the new evidence thereof. Because the court is unaware of any Eighth Circuit case law that requires more of a claimant seeking an appeal of the Commissioner's decision, the court finds Swenson has adequately put the Commissioner on notice of his claim.

Second, the Commissioner argues Swenson cannot plausibly show the new evidence is material. "To be considered material, the new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied." *Hepp*, 511 F.3d at 808. The Commissioner, however, does not cite and the court is not aware of any case law that requires a Social Security claimant appealing the Commissioner's decision on the basis of new evidence to specifically allege the facts that show the new evidence is material. The court will not impose such a requirement now because it would be inconsistent with the general notion of notice pleading.

Because Swenson has sufficiently stated a claim for which relief can be granted, the Commissioner's motion to dismiss is denied. Accordingly, it is

ORDERED that the Commissioner's motion to dismiss is denied without prejudice. The Commissioner is directed to promptly file the administrative record with the clerk of courts.

Dated October 4, 2013.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE